George Siddell, SBN 048670
Law Office of George Siddell
1014 29th Street
San Diego, CA 92102
(619) 231-3991

Attorney for Defendant,
Perry Edward Davis

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE No. 20CR02500-001-LAB |
| Plaintiff, | ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| v. | ) | |
| PERRY EDWARD DAVIS, | ) | Date:   09/30/2020<br>Time:   09:00 a.m. |
| Defendant. | ) | Honorable Larry Alan Burns |

Comes now Defendant, Perry Edward Davis, by and through his attorney, George Siddell, and submits the following Memorandum of Points and Authorities in Support of his motions for discovery; and for leave to file further motions:

## I
## SUMMARY OF FACTS

Defendant is charged in a one-count indictment with a violation of 21 U.S.C. §§84l(a) (1) and 841 (b) (1) (C) - Distribution of Fentanyl and Cocaine Resulting in Death (Felony)- Importation of Methamphetamine. Defendant has limited discovery as of the drafting of these motions.

## II
## MOTION TO COMPEL DISCOVERY

Defendant requests the following discovery. His request is not limited to those items that the prosecutor is aware,  but rather includes all discovery listed below that

is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies". See, _Kyles v. Whitley_, 514 U.S. 419 (1995); _United States v. Bryan_, 868 F.2d 1032 (9th Cir. 1989).

The Government must disclose to Defendant favorable evidence, and all evidence which affects the ultimate determination of guilt or punishment. _United States v. Agurs_, 427 U.S. 97, 105 (1976). In addition, Defendant specifically requests the following discovery:

(1)     <u>The Defendant's Statements</u>.  The Government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any _Miranda_ warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed.R.Crim.P., Rule 16(a)(1)(A) and (B).  The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

Defendant specifically requests a copy of the audio or video recording, notes, writings, electronic data storage, or other method of preservation or recording of any surveillance, statements, or conduct made, or engaged in by Defendant(s).

(2)     <u>Arrest Reports, Notes and Dispatch Tapes</u>.  The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced <u>in their entirety</u>, be turned over.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.

2

Defendant includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written. Such material is discoverable under Fed.R.Crim.P., Rule 16(a)(1)(A) and (B) and _Brady v. Maryland_, 373 U.S. 83 (1963).  See also _Loux v. United States_, 389 F.2d 911 (9th Cir. 1968).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, audio and video interviews of Defendant or any witness, and prosecution reports pertaining to the defendant are available under Fed.R.Crim.P., Rule 16(a)(1)(B), Fed.R.Crim.P., Rule 26.2, and Fed.R.Crim.P., Rule 12(h).  Preservation of rough notes is requested, whether or not the government deems them discoverable.

(3)    Brady Material.  Defendant  requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.  Under _Brady_, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. _United States v. Bagley_, 473 U.S. 667 (1985); _United States v. Agurs_, 427 U.S. 97 (1976).

(4)    Any Information That May Result in a Lower Sentence Under The Guidelines.  As discussed above, this information is discoverable under _Brady v. Maryland_, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a Chapter Three adjustment, to a determination of the defendant's criminal history, to Chapter Five departures, or to any other application of the Guidelines.

(5)    Any Information That May Result in a Lower Sentence Under 18 U.S.C. § 3553.  After _United States v. Booker_, 543 U.S. 220, 125 S. Ct. 738 (2005), the Guidelines are merely advisory and federal sentencing is governed by 18 U.S.C. §

3553, which requires a judge to consider "any information about the nature of the circumstances of the offense."  18 U.S.C. § 3553(a)(1).  This broad range of judicial discretion, combined with the mandate that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence," 18 U.S.C. § 3661, means that any information whatsoever may be "material … to punishment," _Brady_, 373 U.S. at 87, whether or not the government deems it discoverable.

(6)    The Defendant's Prior Record.  Evidence of prior record is available under Fed.R.Crim.P., Rule 16(a)(1)(D).  Defendant specifically requests that the copy be complete and legible. This request includes all prior records, regardless of whether criminal or administrative and specifically includes, but is not limited to, any and all records, transcription of proceedings, and tape recordings of proceedings relating in any manner to prior deportations, removals, or exclusions from the United States; and complete "A-files" related to Defendant and/or material witnesses maintained by the Department of Homeland Security, Immigration and Customs Enforcement.

(7)    Any Proposed 404(b) Evidence.  Evidence of prior similar acts is discoverable under Fed.R.Crim.P., Rule16 (a)(1)(E) and Fed.R.Evid., Rule 404(b) and Rule 609.  In addition, under Fed.R.Evid., Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed.R.Evid., Rule 404(b) at trial.  Sufficient notice requires the government to "articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the 'other acts evidence.'" _United States v. Mehrmanesh_, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citation omitted); see, also, _United States v. Brooke_, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming _Mehrmanesh_ and reversing convictions).

(8)    Evidence Seized. Evidence seized as a result of any search, either

4

warrantless or with a warrant, is discoverable under Fed.R.Crim.P., Rule 16(a)(1)(E).

(9)    <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any other evidence seized from the defendant or any third party.  This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients). Defendant requests that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

(10)    <u>Henthorn Material</u>. Defendant requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent involved in the present case for impeachment material. See, <u>*Kyles v. Whitley*</u>, 514 U.S. 437, 438 (1994) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); <u>*United States v. Henthorn*</u>, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Defendant further requests production of any such information at least one week prior to the motion hearing and two (2) weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

(11)   <u>Tangible Objects</u>.  Defendant  requests that the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprinting analyses, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed.R.Crim.P., Rule 16(a)(1)(E).

(12)   <u>Expert Witnesses</u>. Defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed.R.Crim.P., Rule 16(a)(1)(G). This summary should include a description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). See, <u>United States v. Duvall</u>, 272 F.3d 825 (7th Cir. 2001). (finding that government's written expert notice did not adequately summarize or describe police detective's testimony in a drug prosecution where notice provided only a list of the general subject matters to be covered and failed to identify what opinion the expert would offer on those subjects). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Defendant or any other witness, or during any investigation. Defendant requests the notice of expert testimony be provided at a minimum of three (3) weeks prior to trial so that defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credential of the government's expert and obtain a hearing in advance of trial to determine the admissibility and qualification of any expert. See, <u>Kumho v. Carmichael Tire Co.</u>, 526 U.S. 137 (1999) (Trial judge is "gatekeeper" and must determine reliability, and relevancy of expert testimony; and such determinations may require "special briefing or other proceedings").

(13)   <u>Impeachment evidence</u>.  Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not

resulting in a conviction and whether any witness has made a statement favorable to the defendant.  See, Fed.R.Evid., Rules 608, 609 and 613.  Such evidence is discoverable under *Brady*, *supra* at 83.  See, *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(14)   Evidence of Criminal Investigation of Any Government Witness. Defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

(15)   Evidence of Bias or Motive to Lie.  Defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

(16)   Evidence Affecting Perception, Recollection, Ability to Communicate. Defendant requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

(17)   Witness Addresses.  The defense requests the name and last known address of each prospective government witness. See, *United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979), overruled on other grounds by *Luce v. United States*, 469 U.S. 38 (1984) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will

1    <u>not</u> be called as a government witness.  *United States v. Cadet*, 727 F.2d 1453 (9th

2    Cir. 1984).

3        (18)   <u>Name of Witnesses Favorable to the Defendant</u>. Defendant requests the

4    name of any witness who made any arguably favorable statement concerning the

5    defendant or who could not identify him/her or who was unsure of his/her identity, or

6    participation in the crime charged.  *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir.

7    1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*,

8    575 F.2d 1164, 1168 (6th Cir. 1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir.

9    1979).

10       (19)   <u>Statements Relevant to the Defense</u>.  Defendant requests disclosure of

11   any statement that may be "relevant to any possible defense or contention" that he

12   might assert.  *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).  This would

13   include Grand Jury transcripts which are relevant to the defense motion to dismiss the

14   indictment.

15       (20)   <u>Jencks Act Material</u>.  Defendant requests production in advance of the

16   motion hearing and trial of all material, including dispatch tapes, that the government

17   must produce pursuant to the *Jencks Act*, 18 U.S.C. § 3500 and Fed.R.Crim.P., Rule

18   26.2.  A verbal acknowledgment that "rough" notes constitute an accurate account of

19   the witness' interview is sufficient for the report or notes to qualify as a statement

20   under §3500(e)(1).  *Campbell v. United States*, 373 U.S. 487, 490-92 (1963). In

21   *United States v. Boshell*, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes

22   constitutes *Jencks* material when an agent reviews notes with the subject of the

23   interview) Advance production will avoid the possibility of delay of the motion

24   hearing or trial to allow Defendant to investigate the *Jencks* material. Defendant

25   requests pre-trial disclosure of such statements to avoid unnecessary recesses and

26   delays and to allow defense counsel to prepare for, and use properly, any *Jencks*

27   statements during cross-examination.

28       (21)   <u>Giglio Information</u>.  Pursuant to *Giglio v. United States*, 405 U.S. 150

8

(1972), Defendant requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(22)   <u>Agreements Between the Government and Witnesses</u>. Defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding related to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state, and/or local). This request also includes any discussion with a potential witness about or advice concerning any administrative proceeding, immigration benefits, and any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice was not followed.

(23)   <u>Informants and Cooperating Witnesses</u>.  Defendant requests disclosure of the names and addresses of any and all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participate in the crime charged against Defendant.  The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.  *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants that exculpates or tends to exculpate Defendant.

(24)   <u>Bias by Informants or Cooperating Witnesses</u>. Defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio, supra* at 24. Such information which includes what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

(25)   <u>Personnel Request of Government Officers Involved in the Arrest</u>.

Defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration offices or other law enforcement officers who were involved in the investigation, arrest, interview and interrogation of Defendant. See, *Pitchess v. Superior Court*, 11 Cal 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

(26) <u>Performance Goals and Policy Awards</u>. Defendant requests disclosure of information regarding standards used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case (Custom, Border Patrol, INS, etc.) to the extent such information relates to the arrest of undocumented immigrants. This request specifically includes information concerning performance goals, policy awards, and the standards used by the Department of Homeland Security for commending, demoting, or promoting agents for their work with immigration crimes.

(27) <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed.R.Crim.P., Rule 16(a)(1)(F), Defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint, voice analysis, autopsy, and all other testing done in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and/or that are material to the preparation of the defense and/or are intended for use by the government as evidence in chief at the trial.

(28) <u>Interpreter(s)</u>.  Defendant requests the full identification and qualifications of any interpreter used during any interview or interrogation of Defendant, witnesses, or used during any investigation, or subsequent investigation.

(29) <u>Residual Request</u>.   The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request

specifically includes all subsections of Rule 16.  Defendant requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

### III
### MOTION FOR FURTHER MOTIONS

Defendant, by and through his attorney of record George Siddell, hereby moves this Court for an order allowing him to file further future motions upon receipt of additional discovery from the government or if new information is obtained.


### IV
### CONCLUSION

For the foregoing reasons, Defendant respectfully  requests that the Court grant his motions for discovery, preservation of evidence, and for leave to file further Motions.

Respectfully Submitted,

Dated:    09/02/2020

s/George Siddell
attorneysiddell@yahoo.com