UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Perry Edward DAVIS,

Defendants.

Case No.:  20-cr-2500-AGS

**ORDER GRANTING MOTION TO ADMIT NOVEMBER 24, 2019 TEXT MESSAGE (ECF 156)**

In this prosecution for distribution of fentanyl resulting in death, the government moves to admit a text message purportedly soliciting drugs from the defendant. Specifically, on November 24, 2019, decedent "J.C." texted a number associated with defendant Perry Davis, asking: "Hey do you have any white on u." (ECF 156, at 19.) The prosecution says that "white" means cocaine. The defense contends this message is inadmissible hearsay.

**A.    Is It Hearsay?**

The government first argues that the text message is not hearsay, because it is a question, not an assertion. Under the hearsay rule, parties may not introduce "a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted." *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (citing Fed. R. Evid. 801(c), 802). A "statement" for this purpose means "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). But "the grammatical form of a verbal utterance does not govern whether it fits within the definition of hearsay." *Torres*, 794 F.3d at 1060. "[W]hile some questions may constitute non-hearsay," when "the declarant intends the question to communicate an implied assertion and the proponent offers it for this intended message, the question falls within the definition of hearsay." *Id*. at 1059.

By asking, "Hey do you have any white on u[?]," J.C. impliedly asserted, "I want to buy white from you." In fact, unless this standalone text message is offered for the truth of

1

that implied assertion, it has little relevance. The government wishes to use this November 24 text as evidence of an ongoing dealer-buyer relationship between Davis and the decedent, and thus to establish intent, plan, knowledge, identity, and absence of mistake for the next month's fatal drug deal. *See* Fed. R. Evid. 404(b). The implied statement is thus offered for its truth. So, it's hearsay.

**B.     Does the State-of-Mind Exception Apply?**

Alternatively, the prosecution seeks to admit it under the hearsay exception for a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan) . . . ." *See* Fed. R. Evid. 803(3). The implied assertion "I want to buy white from you" is indeed a statement of the decedent's then-existing intent or plan. In addition, the three factors that bear on this exception—"contemporaneousness, chance for reflection, and relevance"—all favor admission. *See United States v. Miller*, 874 F.2d 1255, 1264 (9th Cir. 1989). First, the statement is "offered to show his state of mind at the time of the conversation, thus satisfying any contemporaneity requirement." *Wagner v. County of Maricopa*, 747 F.3d 1048, 1053 (9th Cir. 2013). Second, because J.C. is seeking drugs in the moment, he presumably had "no chance for reflection and therefore for misrepresentation" about his intent or plan. *See Miller*, 874 F.2d at 1264. Finally, this Court has already ruled that evidence of an ongoing dealer-buyer relationship—including certain past interactions—are relevant and inextricably intertwined with the charged offense (and, alternatively, are admissible under Federal Rule of Evidence 404(b)).

Thus, the government's motion to admit the November 24, 2019 text message under the state-of-mind exception to the hearsay rule is granted.

Dated:  January 13, 2025

_____
Hon. Andrew G. Schopler
United States District Judge